**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

In re:

    Neil Charles Heinrich II,

        Debtor.

Case No. 23-11578-pmm

Chapter 13

**Application for Compensation by Debtor's Counsel**
**Following Dismissal of Case Before Confirmation**

Applicant Cibik Law P.C. applies under § 330 of the Bankruptcy Code for an award of compensation and reimbursement of actual, necessary expenses and represents:

1. Applicant is counsel for the debtor.

2. The debtor filed a petition under chapter 13 on May 30, 2023.

3. The debtor's annualized current monthly income as set forth on Form B22C is below-median (the amount on line 15 is less than the amount on line 16).

4. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the debtor, the services and expenses were actual and necessary, and the compensation requested for those services is reasonable.

5. Applicant requests an award of compensation for about 12 hours expended providing the customary services of counseling and representing the chapter 13 debtor before confirmation including:

    a. initial consultation with client (about 1 hour)

    b. analysis of the financial situation (about 1.5 hours)

    c. preparation, review and filing of all required documents (about 3.5 hours)

    d. correspondence (about 2 hours)

    e. telephone conversations and miscellaneous contact with creditors, the trustee, attorneys and other parties in interest (about 2 hours)

    f. preparation for and attendance at 341 meeting (about 2 hours).

6. Reasonable and allowable compensation for the services described in Paragraph 5 is $4,725.00 for a below-median debtor and $5,875.00 for an above-median debtor.

7. The debtor paid Applicant $1,000.00 prior to filing the petition.

8. A copy of the Applicant's disclosure of compensation pursuant to Fed. R. Bankr. P. 2016(b) is attached as Exhibit A.

9. None of the compensation paid to Applicant will be shared with any person other than a member or regular associate of applicant's law firm unless 11 U.S.C. §504(c) applies.

10. This Application follows dismissal of this case consistent with *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006). Reasonable and allowable compensation for the services described is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the chapter 13 trustee. (i.e., $3,180.00).

11. The Applicant requests that the Court authorize and direct the chapter 13 trustee to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C.§330(a)(4)(B), all funds in the trustee's possession that are available for distribution to the Applicant.

**NOW, THEREFORE**, Applicant requests an award of compensation in the form of order attached.

Date: March 25, 2024

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

2

# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

Neil Charles Heinrich II,

    Debtor.

Case No. 23-11578-pmm

Chapter 13

**Notice of Application for Compensation and Response Deadline**

Cibik Law, P.C., counsel for the above Debtor, has filed an Application for Compensation and Reimbursement of Expenses for approval of counsel fees.

1. <u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney).**

2. **If you do not want the court to approve the application** or if you want the court to consider your views on the application, then on or before **April 8, 2024 you or your attorney must file a response to the application.** (See instructions below).

3. **If you do not file a response to the application,** the court may enter an order granting the application.

4. You may contact the Bankruptcy Clerk's office at 215-408-2800 to find out whether the hearing has been canceled because no one filed a response.

5. If a copy of the application is not enclosed, a copy of the application will be provided to you if you request a copy from the attorney whose name and address is listed below.

6. **If you are required to file documents electronically by Local Bankruptcy Rule 5005-1**, you must file your response electronically.

7. **If you are not required to file electronically**, you must file your response at U.S. Bankruptcy Court, 900 Market Street, Suite 400, Philadelphia, PA 19107.

8. **If you mail your response** to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the deadline in paragraph two.

9. On the same day that you file or mail your response to the application, you must mail or deliver a copy of the response to the movant's attorney:

    Michael A. Cibik
    Cibik Law, P.C.
    1500 Walnut Street, Suite 900
    Philadelphia, PA 19102
    215-735-1060
    mail@cibiklaw.com

Dated: March 25, 2024

# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-11578-pmm |
| Neil Charles Heinrich II, | Chapter 13 |
| Debtor. | |

## Certificate of Service

I certify that on this date, I caused this application for compensation along with the notice and all attachments to be served on the following parties by first class mail or through the CM/ECF system:

Kenneth E. West (CM/ECF)

U.S. Trustee (CM/ECF)

Neil Charles Heinrich II
530 E Howard St
Pottstown, PA 19464-6506

Date: March 25, 2024

/s/ Michael A. Cibik
Michael A. Cibik (#23110)
Cibik Law, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>　　Neil Charles Heinrich II,<br><br>　　　　Debtor. | Case No. 23-11578-pmm<br><br>Chapter 13 |

**Order Granting Application for Compensation**

**AND NOW, WHEREAS**:

A. The Debtor's counsel ("the Applicant") has filed an Application for Allowance of Compensation ("the Application").

B. The Application is being considered following the dismissal of this case consistent with *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

C. The Applicant requests that pre-confirmation plan payments held by the chapter 13 trustee be distributed to the Applicant.

D. The Applicant has certified that proper service has been made on all interested parties and that there has been no response filed.

E. The Debtor paid the Applicant $1,000.00 in compensation before the commencement of the case.

F. Reasonable and allowable compensation is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the chapter 13 trustee (i.e., $3,180.00).

It is therefore **ORDERED** and **DETERMINED** that:

1. The Application is **GRANTED**.

2. Compensation is allowed in favor of the Applicant, but it is unnecessary for the court to determine that the requested compensation be allowed in a specific amount.

3. The Chapter 13 Trustee is authorized and directed to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C.§330(a)(4)(B), all funds in his possession that are available for distribution to the Applicant.

Date:　　　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Patricia M. Mayer
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge